IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARL R. WOOD, #1534713,<br>       Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:08-CV-1353-M |
| | § | |
| DALLAS COUNTY,<br>       Defendant. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* civil rights complaint brought pursuant to 42 U.S.C. § 1983.

Parties:  Plaintiff Carl R. Wood ("Wood") is confined at the Hutchins State Jail in Dallas, Texas. At the time of filing this action, he was confined at the Dallas County Jail. Defendants are Dallas County and Officers Willie Rubalcaldo (identified in the complaint as Officer Realcardo), Thomas Pritchet, and John Doe. Process was issued in this case.

Statement of Facts:  Wood alleged Defendants violated his constitutional rights on or about February 13, 2007, by subjecting him to excessive use of force and by denying him medical treatment for his injuries. He requests monetary damages.

On July 16, 2009, Defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Wood has not responded.

Findings and Conclusions:  To prevail on a motion for summary judgment, the moving

party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10 (1986).  Once the moving party has made an initial showing, the party opposing the motion for summary judgment may not merely rely on his pleadings, but must come forward with competent evidentiary materials that establish a genuine fact issue. *Anderson,* 477 U.S. at 256-257, 106 S. Ct. at 2514; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585-87, 106 S. Ct. 1348, 1355-56 (1986).

      Wood has not responded to Defendants' motion for summary judgment.  While his failure to respond does not permit the entry of a "default" summary judgment, the court has the authority to accept Defendants' evidence as undisputed.  *See Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see also Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998) (holding that a party opposing summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence supports his claim). Therefore, the court accepts Defendants' evidentiary assertions as undisputed.  *See Ragas,* 136 F.3d at 458 (noting that the court does not have the duty to sift through the record in search of evidence to support a party's opposition to summary judgment); *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n. 17 (5th Cir. 1992).

      Wood has failed to exhaust administrative remedies, a mandatory requirement for an action challenging prison conditions.  *See Woodford v. Ngo*, 548 U.S. 81, 85, 126 S. Ct. 2378, 2382-83 (2006); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).  42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted." Failure to exhaust is an affirmative defense under the PLRA. *Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 921 (2007).

Wood admits in his own pleadings that he did not file either a step-1 grievance or a step-2 appeal prior to filing this action. (Amd. Compl., Doc. #5, at 5). Moreover, the summary judgment evidence refutes his conclusory assertion that he was unable to file a grievance. While Wood was released from the Dallas County Jail shortly after the events at issue, he was arrested for a new offense and confined at the Dallas County Jail within seven days. (Def's Appx. 1A, Doc. #39). Thus, Wood's claims were never exhausted. Under these circumstances, Defendants are entitled to judgment as a matter of law under § 1997e(a).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Defendants' motion for summary judgment (Docket # 37) be GRANTED and that judgment be entered dismissing Wood's complaint with prejudice.

A copy of this recommendation will be transmitted to Plaintiff and counsel for Defendants.

Signed this 3rd day of September, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.